FILED IN OPEN COURT
*7/16/2014*

CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 3:14-cr-69-J-32JRK

CHRISTOPHER RICHARD CLOONAN

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Lee Bentley, III, United States Attorney for the Middle District of Florida, and the defendant, CHRISTOPHER RICHARD CLOONAN, and the attorney for the defendant, Maurice C. Grant, II, mutually agree as follows:

### A.   Particularized Terms

#### 1.   Count(s) Pleading To

The defendant shall enter a plea of guilty to Count Three of the Indictment.  Count Three charges the defendant with production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 3559(e).

#### 2.   Minimum and Maximum Penalties

Count Three is punishable by a mandatory term of life imprisonment, a fine of $250,000, or both, a term of supervised release of any term of years not less than five years, or life, and a special assessment of $100, said special assessment to be due on the date of sentencing.  Pursuant to Title 18, United States Code, Section 3583(k), if the defendant is required to register

Defendant's Initials _CRC_                          AF Approval _BS_

under the Sex Offender Registration and Notification Act and commits any criminal felony offense under Title 18, United States Code, Chapters 109A, 110 or 117, or Sections 1201 or 1591, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than 5 years and up to life.  Any other violation of the terms and conditions of supervised release is punishable by a term of imprisonment of up to 5 years. With respect to this offense and pursuant to Title 18, United States Code, Sections 2259, 3663A and/or 3664, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3.     **Elements of the Offense(s)**

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count Three are:

First:     That an actual minor, that is, a real person who was less than 18 years old, was depicted;

Second:     That the defendant employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of the conduct;

Third:     That such visual depictions were actually transported and transmitted using a means and facility of interstate commerce, that is, by computer via the internet commerce.

Defendant's Initials                     2

4.      **Counts Dismissed**

At the time of sentencing, the remaining counts against the defendant, Counts One, Two, Four, Five, Six, and Seven, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5.      **No Further Charges**

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.      **Prior Convictions Relating to Sexual Abuse of Minors**

The defendant acknowledges that on or about November 18, 1991, he was convicted of two counts of attempted sexual battery, first degree felonies under Florida law, in the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida, in Case No. 90-245CF.  The minor victim in that case had not attained the age of 12 years at the time that the defendant committed those offenses.  Accordingly, the defendant's convictions for attempted sexual battery are related to the aggravated sexual abuse, sexual abuse, and abusive sexual contact involving a minor and ward under the laws of the State of Florida, are convictions as described in Title 18, United States Code, Section 2251(e), and are prior sex convictions as described in Title 18, United States Code, Section 3559(e).

Defendant's Initials                 3

7.   **Forfeiture of Assets**

The defendant agrees to forfeit to the United States immediately
and voluntarily any and all assets and property, or portions thereof, subject to
forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of
the United States, the defendant or defendant's nominees.  The assets to be
forfeited specifically include, but are not limited to, one Android 4G Huawei
U8730 model "My Touch A" cellular smartphone, serial number
E7F7ND9340903830, which was used to produce and send child pornography
interstate via the internet.

The defendant agrees and consents to the forfeiture of these
assets pursuant to any federal criminal, civil judicial or administrative forfeiture
action.  The defendant further herein consents to the filing of a motion by the
United States for immediate entry of a Preliminary Order of Forfeiture.  The
defendant also hereby agrees to waive all constitutional, statutory and procedural
challenges in any manner (including direct appeal, habeas corpus, or any other
means) to any forfeiture carried out in accordance with this Plea Agreement on
any grounds, including that the forfeiture described herein constitutes an
excessive fine, was not properly noticed in the charging instrument, addressed
by the Court at the time of the guilty plea, announced at sentencing, or
incorporated into the judgment.

The defendant admits and agrees that the conduct described in the
Factual Basis below provides a sufficient factual and statutory basis for the

Defendant's Initials                 4

forfeiture of the property sought by the government.  Pursuant to the provisions of Rule 32.2(b)(1)(A), the United States and the defendant request that promptly after accepting this Plea Agreement, the Court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense(s) to which defendant is pleading guilty and enter a preliminary order of forfeiture.  Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered.  In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing.  The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG §1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of his cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete information about

Defendant's Initials                 5

forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for

Defendant's Initials                      6

acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

     8.    **Sex Offender Registration and Notification**

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.**    **Standard Terms and Conditions**

     **1.**    **Restitution, Special Assessment and Fine**

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to

Defendant's Initials        7

make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013.  The special assessment is due on the date of sentencing.  The defendant understands that this agreement imposes no limitation as to fine.

**2.    Supervised Release**

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

**3.    Immigration Consequences of Pleading Guilty**

The defendant  has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from

Defendant's Initials _____                    8

the United States, denied citizenship, and denied admission to the United States in the future.

### 4.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

### 5.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from

Defendant's Initials _CR_                    9

any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years.  The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.  The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.      **Sentencing Recommendations**

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government

Defendant's Initials                     10

regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

    7.    <u>**Defendant's Waiver of Right to Appeal the Sentence**</u>

        The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Defendant's Initials (CLL)               11

8.    **Middle District of Florida Agreement**

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    **Filing of Agreement**

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    **Voluntariness**

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that

Defendant's Initials           12

plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

### 11.   <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials _____   13

**12.**    **Entire Agreement**

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

**13.**    **Certification**

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _11th_ day of _July_, 2014.

A. LEE BENTLEY, III
United States Attorney

CHRISTOPHER RICHARD CLOONAN
Defendant

D. RODNEY BROWN
Assistant United States Attorney

MAURICE C. GRANT, II
Attorney for Defendant

MAC D. HEAVENER, III
Assistant United States Attorney
Deputy Chief, Jacksonville Division

Defendant's Initials _____        14

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:14-cr-69-J-32JRK

CHRISTOPHER RICHARD CLOONAN

## <u>PERSONALIZATION OF ELEMENTS</u>

1.     Do you admit that an actual minor, that is, a real person who was less than 18 years old, is depicted in the image titled "bbb3.jpg?

2.     On or about March 11, 2014, at Jacksonville, in the Middle District of Florida, did you employ, use, persuade, induce, entice or coerce a minor to engage in sexually explicit conduct, that is, the lascivious exhibition of the minor's genitals, for the purpose of producing a visual depiction of such conduct, that is, the image titled "bbb3.jpg," as alleged in Count One of the indictment?

3.     Do you admit that such visual depiction was actually transported and transmitted using a means and facility of interstate commerce, that is, by computer via the internet, because you sent this image by email using the internet to another individual on March 11, 2014?

Defendant's Initials 

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                     CASE NO. 3:14-cr-69-J-32JRK

CHRISTOPHER RICHARD CLOONAN


### FACTUAL BASIS

On or about November 18, 1991, defendant, Christopher Richard Cloonan, was convicted of two counts of attempted sexual battery, first degree felonies under Florida law, in the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida, in Case No. 90-245CF.  The minor victim in that case had not attained the age of 12 years at the time of those offenses. Accordingly, Cloonan's convictions for attempted sexual battery are related to the aggravated sexual abuse, sexual abuse, and abusive sexual contact involving a minor and ward under the laws of the State of Florida, are convictions as described in Title 18, United States Code, Section 2251(e), and are prior sex convictions as described in Title 18, United States Code, Section 3559(e).

In early March 2014, an undercover officer with the District of Columbia Metropolitan Police Department (the "UC") posted an advertisement on an online classifieds website known to be frequented by individuals who have a sexual interest in children and incest.  On March 8, 2014 at 10:27 p.m. PDT, Cloonan, using the screen name "Richard R," responded to the ad stating

Defendant's Initials 

"…into… yng love on the down low". During several email exchanges, "Richard R" described the sexual activity that he engaged in with a minor child. On March 11, 2014 at 5:20 p.m. PDT, in response to a request for pictures of the child, "Richard R" sent an email to the UC that read "It would be awesome to share together with like minded man, would be more awesome to see and share in person but there is WAY WAY to much hatred against too risk it. I am legit but cautious…."

On March 11, 2014, at 6:57 p.m. EDT, "Richard R" sent the UC an email over the internet, a facility of interstate commerce, and attached to this email were two images. The image titled "aaa4.jpg" depicts an infant lying naked, with her genitalia as the focal point of the image, and was taken by Cloonan with his smartphone on March 7, 2014 at 8:17 p.m. EDT. The second image is titled "aaa5.jpg" and depicts a close-up shot of an infant's genitalia, and was taken by Cloonan on March 7, 2014 at 8:18 p.m. EDT. At 7:07 p.m. EDT, "Richard R" sent the UC an email over the internet, and attached to this email were two additional images, both taken by Cloonan. The image titled "bbb3.jpg" depicts a close-up shot of the infant's vaginal opening with an adult's thumb partially spreading apart the child's genitalia. The other image was titled "bbb5.jpg" and depicts the same infant's bare buttocks.

Later, on March 11, 2014, "Richard R" sent an image to the UC titled "IMG_20140311_212510.jpg" that depicted the same infant clothed in a

Defendant's Initials                     2

"onesie" (with a distinctive pattern) crawling on a bedspread.   At 2:10 a.m. EDT, "Richard R" sent the UC another image titled "IMG_20140311_221923," that depicted the same clothed infant on the same bedspread.  The images were produced by Cloonan on March 11, 2014 at 9:25 p.m. EDT and 10:19 p.m. EDT, respectively.

On March 12, 2014, the FBI obtained documents from the online website and an internet service provider that revealed that the internet protocol (IP) address used to send the pornographic images on March 11, 2014 resolved to Comcast.  Information provided by Comcast revealed that the subscriber for this Comcast account was Christopher Cloonan at a particular address in Jacksonville, Florida.  A records check revealed that Cloonan is a registered sex offender in the state of Florida.

Also on March 12, 2014, "Richard R" and the UC continued their online communications.  In several different emails, "Richard R" discussed his fantasies about sexual activities with children.  At 5:33 p.m. EDT, "Richard R" typed "Society is coming down so hard on 'child molesters' etc now, we are in danger everyday as lovers of children are not seen as different from those who hurt and kill them."  Later, the UC asked "Richard R" if he was home.  At 7:13 p.m. EDT, "Richard R" responded "yes, … I'm making dinner."

During the afternoon of March 12, 2014, a search warrant was issued for Cloonan's residence in Jacksonville.  That evening, at 7:20 p.m. EDT, FBI agents and Jacksonville Sheriff's Office (JSO) personnel knocked and

Defendant's Initials _CRO_                3

announced their presence at the front door of Cloonan's residence. Cloonan slowly opened the door and came out of the residence wearing only shorts and holding a Huawei smartphone in his left hand. Cloonan was asked who else was in the residence and he stated, among other things, "I was making dinner." After a consensual interview, Cloonan was arrested by JSO officers.

Preliminary analysis of Cloonan's Huawei smartphone revealed that it contains at least 85 images of child pornography, mostly infants and toddlers. Two of the pornographic images of the infant child that were taken by Cloonan and sent to the UC by email over the internet were also present on the smartphone. There are other images depicting adults performing sexual acts on infants. Several ultrasound images of an unborn child *in utero* were also found.

During the execution of the search warrant, agents recovered the "onesie" outfit worn by the infant child as depicted the image sent to the UC titled "IMG_20140311_212510.jpg." Also recovered was a section of white wooden lattice work and the blanket visible in the same image. The image titled "bbb3.jpg" was submitted to the FBI laboratory in Quantico, Virginia in an effort to identify the adult individual whose thumb, and thumbprint, is visible in the image. An FBI latent print examiner determined that the print of the thumb depicted in this image matched the known print of Cloonan's left thumb.

Defendant's Initials           4

Cloonan acknowledges that there exists a sufficient nexus for purposes of forfeiture between the items specified herein and the criminal conduct set forth above.